Ricky Barnard TATUM, Appellant,

v.

Greg HARMON; Aundrea Weekly; Steve Outlaw; Maureen Williams; Wallace McNary; Essie Clay, Defendants,

Adrian Wallace, Security Officer, East Arkansas Regional Unit, Appellee,

---

Larry Norris; Brenda Perry; Tameka
Cody; April Brandon; R. Hobbs,
Defendants.

No. 10–1153.

United States Court of Appeals,
Eighth Circuit.

Submitted: Nov. 2, 2010.

Filed: Nov. 29, 2010.

Ricky Barnard Tatum, Brickeys, AR,
pro se.

Renae Ford Hudson, Attorney General's
Office, Little Rock, AR, for Defendants.

Before BYE, BOWMAN, and
COLLOTON, Circuit Judges.

PER CURIAM.

Arkansas inmate Ricky Barnard Tatum
appeals the district court's dismissal of his
42 U.S.C. § 1983 action following an evi-
dentiary hearing. We affirm.

Tatum, an inmate at the East Arkansas
Regional Unit (EARU), filed a complaint
against several EARU employees, includ-
ing Officer Adrian Wallace. He alleged
that Wallace was sexually harassing him,
and issued him false disciplinaries in retali-
ation for his filing grievances about the
harassment; and that the other defendants
had failed to protect him. Tatum later
moved to voluntarily dismiss the complaint
without prejudice against all defendants
except Wallace, stating he had not ex-
hausted his administrative remedies. The
court granted the motion and dismissed
the action against all defendants except
Wallace without prejudice. The court de-
nied later motions by Tatum to file amend-
ed complaints adding most of the defen-
dants who had been dismissed, as well as
additional defendants. The court held an

evidentiary hearing on Tatum's retaliation
claim, at which Tatum and Wallace, as well
as two additional witnesses, testified. The
court dismissed the complaint following
the hearing, finding that Tatum could not
state a claim for retaliatory discipline be-
cause for each instance of allegedly retalia-
tory discipline, he was found guilty after a
disciplinary hearing.

We first hold that the district court did
not err in denying Tatum leave to amend
the complaint to include the previously
dismissed defendants and other new defen-
dants, as there was no evidence the claims
were fully exhausted, and the claims
against the newly named defendants were
conclusory. *See In re NVE Corp. Sec.
Litig.,* 527 F.3d 749, 752 (8th Cir.2008)
(denial of leave to amend is ordinarily re-
viewed for abuse of discretion, but when
leave is denied on basis of futility, review
is de novo); *Johnson v. Jones,* 340 F.3d
624, 627 (8th Cir.2003) (inmate must ex-
haust administrative remedies before filing
suit in federal court); *Martin v. Sargent,*
780 F.2d 1334, 1337 (8th Cir.1985) (requir-
ing a pro se complaint to contain specific
facts supporting its conclusions). Further,
Tatum could not state a claim against Wal-
lace for a violation of prison policy. *See
Gardner v. Howard,* 109 F.3d 427, 430 (8th
Cir.1997) (no § 1983 liability for violation
of prison policy).

As to Tatum's claim that Wallace retali-
ated against him for exercising his First
Amendment rights, because the claim was
dismissed following an evidentiary hearing
and Tatum did not make a timely jury
demand, we review the district court's fac-
tual findings for clear error and its conclu-
sions of law de novo. *See Choate v. Lock-
hart,* 7 F.3d 1370, 1373 & n. 1 (8th Cir.
1993); *see also* Fed. R. Civ. P. 38(b) (party
may demand jury trial "no later than 14
days after the last pleading directed to the
issue is served"). We agree with the dis-
trict court that the findings of guilt follow-

ing a disciplinary hearing were sufficient to defeat Tatum's claims as to the disciplinary charges filed against him on November 6 and December 4, 2008, and April 8, 2009. *See Cowans v. Warren,* 150 F.3d 910, 912 (8th Cir.1998) (per curiam) (inmate does not state retaliation claim where discipline was imposed for actual violation of prison rules); *Hartsfield v. Nichols,* 511 F.3d 826, 829, 831 (8th Cir.2008) (defendant may successfully defend retaliatory-discipline claim by showing "some evidence" that inmate actually committed rule violation; report from correctional officer, even if disputed by inmate and supported by no other evidence, legally suffices as some evidence upon which to base prison disciplinary violation if violation is found by impartial decisionmaker); *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994) (critical inquiry in retaliation claim is whether prison disciplinary committee ultimately found, based on some evidence, that prisoner committed charged violation).

Finally, to the extent Tatum has raised the issues on appeal, we hold that the district court did not abuse its discretion in denying some of Tatum's discovery requests, *see Executive Air Taxi Corp. v. City of Bismarck,* 518 F.3d 562, 569 (8th Cir.2008) (standard of review), or in denying his motions for appointed counsel, see *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996) (trial court has broad discretion in deciding whether to appoint counsel to indigent civil litigant; discussing factors).

Accordingly, we affirm the judgment of the district court, and we deny as moot Tatum's appellate motion.